UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TODD MURRAY and JENNIFER
MURRAY,

       Plaintiffs,

v.

                                         Case No:  8:24-cv-02337-JLB-SPF

FIRST COMMUNITY
INSURANCE COMPANY,

       Defendant.

_____/

## ORDER

On August 30, 2023, Plaintiffs Todd and Jennifer Murray's home sustained flood damage.  On October 9, 2023, they timely filed a proof of loss for damages with Defendant First Community Insurance Company ("First Community"), their insurance carrier participating in the United States Government's National Flood Insurance Program ("NFIP").  The Proof of Loss claimed $89,632.23 in damages. The next day, First Community made payments totaling $84,537.16 to Plaintiffs. The policy required that any amended proof of loss be filed within sixty days of the date of loss.  Plaintiffs subsequently submitted estimates of additional losses totaling more than two-and-a-half times the amount it sought in its timely filed Proof of Loss.  But they did not file an amended proof of loss with supporting documentation until after the October 29, 2023, 60-day deadline.  Therefore, First Community ultimately denied Plaintiffs' request for additional loss to their property as untimely under the terms of the insurance policy and NFIP's governing rules.

Defendant moves for Summary Judgment (Doc. 36).  The Court has carefully reviewed the pleadings, the parties' briefing, and the entire record.  Because Plaintiffs did not strictly adhere to the policy's October 29, 2023, 60-day deadline to submit an amended proof of loss requesting more than double the property damage set forth in their initial proof of loss, the Court **GRANTS** Defendant's Motion for Summary Judgment.

## BACKGROUND

This breach of contract action arises from flood damage sustained to Plaintiffs' home on August 30, 2023.  (Doc. 1 at ¶ 10).  Viewing the facts in the light most favorable to Plaintiffs, the non-moving party here, the facts are as follows: Defendant, a write-your-own program carrier under the National Flood Insurance Program, issued Plaintiffs a Standard Flood Insurance Policy ("SFIP"), effective at the time of loss.  (Doc. 36-2).  Plaintiffs submitted a claim to Defendant for the damage sustained, which Defendant acknowledged and assigned claim number 534976.  (Doc. 1 at ¶¶ 11–12).  An independent inspector estimated the damages at $89,632.23.  (Doc. 37-3).  Defendant reviewed the adjuster's recommendation, ultimately determining that the payable amount of the claim under the SFIP was $84,537.16.  (Doc. 36 at ¶ 13).

> Submission of an SFIP claim for flood loss requires that claimants:
>
> Within 60 days after the loss, send [the insurer] a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
>
> a.  The date and time of loss;

b.  A brief explanation of how the loss happened;

c.  Your interest (for example, "owner") and the interest, if any, of others in the damaged property;

d.  Details of any other insurance that may cover the loss;

e.  Changes in title or occupancy of the insured property during the term of the policy;

f.  Specifications of damaged buildings and detailed repair estimates;

g.  Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;

h.  Details about who occupied any insured building at the time of loss and for what purpose; and

i. The inventory of damaged personal property described in G.3 above.

(Doc. 36-2 at 21); 44 C.F.R. pt. 61, app. A(2), art. VII(G)(4).  Accordingly, on October 9, 2023, well within the October 29, 2023, deadline, Plaintiffs sent a Proof of Loss ("POL"), seeking $89,632.23.  (Doc. 36-2 at 21; Doc. 37-4).

The next day, Defendant issued payments totaling $84,537.16 and denied part of the claim.  (Doc. 36-6; Doc. 36-7).  The denial letter included a copy of the Federal Emergency Management Agency's ("FEMA") Policyholder Rights form, notifying Plaintiffs that if they needed to "correct or add to any previously submitted proof of loss," they must "submit an amended proof of loss directly to [the] insurer" and "sign and swear an amended proof of loss and include documentation to support [the] loss and the dollar amount requested."  (Doc. 36-7). Moreover, the SFIP provides that "[i]f [the insurer] reject[s] your proof of loss in

3

whole or in part, you may . . . [f]ile an amended proof of loss as long as it is filed within 60 days of the date of loss." (Doc. 36-2 at 23); 44 C.F.R. pt. 61, app. A(1) art. VII J(2).

Plaintiffs did not submit an amended proof of loss supporting the estimate. Instead, on October 19, 2023, and well within the 60-day deadline, Bulldog Adjusting transmitted its 45-page repair estimate on behalf of Plaintiffs to Defendant, totaling $247,144.14. (Doc. 37-6). On October 23, 2023, Defendant denied the request for additional payment, explaining that the estimate included items not covered under the SFIP and lacked supporting documentation. (Doc. 37-8). In that denial letter, Defendant explained that it "will pay you for direct physical loss by or from flood to your insured property if you . . . [c]omply with all terms and conditions of this policy . . . ." (*Id.* at 1).

In the following months, Plaintiffs communicated their disagreement with Defendant's assessment and demanded an appraisal over the disagreed-upon scope of repair, which Defendant declined. (Doc. 37-9, Doc. 37-10, Doc. 37-11). On March 7, 2024—months after the October 29, 60-day deadline—Defendant received an amended Proof of Loss from Plaintiffs, listing $248,727.00 as the amount claimed. (Doc. 36-8).

On October 4, 2024, Plaintiffs initiated this action, alleging breach of contract for Defendant's failure to indemnify Plaintiffs for all covered losses to their property. (Doc. 1). Defendant moves for summary judgment, arguing that Plaintiffs' October 19 estimate and March 7 amended Proof of Loss were incorrectly

4

filed.  (Doc. 36).  Plaintiffs responded in opposition (Doc. 37), and Defendant replied (Doc. 41).

## LEGAL STANDARD

Summary judgment is appropriate when the movant can show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  "Summary judgment is particularly suited to cases of insurance coverage because the interpretation of a written contract is a matter of law to be decided by the court."  *Int'l Ship Repair & Marine Servs., Inc. v. N. Assurance Co. of Am.*, No. 8:10–cv–2049–T–26AEP, 2011 WL 5877505, at *3 (M.D. Fla. Nov. 23, 2011) (citations omitted).

"A district court must grant a motion for summary judgment only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Essex Ins. Co. v. Barrett Moving & Storage, Inc.*, 885 F.3d 1292, 1299 (11th Cir. 2018) (citation and internal quotation marks omitted).  "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case" and "[a]n issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party."  *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004) (citations omitted).

In ruling on a motion for summary judgment, courts must "resolve all ambiguities and draw reasonable factual inferences from the evidence in the non-

5

movant's favor." *Travelers Prop. Cas. Co. of Am. v. Moore*, 763 F.3d 1265, 1268 (11th Cir. 2014) (citation and internal quotation marks omitted).

## DISCUSSION

SFIP insurance policies are issued through the National Flood Insurance Program operated by FEMA. 42 U.S.C. § 4011. Claims are paid from the federal treasury. 42 U.S.C. § 4017. Defendant issued the SFIP at here through FEMA's "Write Your Own" program, which allows private insurance companies to issue SFIPs in their name. 44 C.F.R. § 62.23. FEMA controls the terms of all SFIPs. *Id.*

"[T]he insured must adhere strictly to the requirements of the standard federal flood insurance policy before any monetary claim can be awarded against the government." *Sanz v. U.S. Sec. Ins. Co.*, 328 F.3d 1314, 1318 (11th Cir. 2003). This is "to assure that public funds will be spent according to the letter of the difficult judgments reached by Congress as to the common good and not according to the individual favor of Government agents or the individual pleas of litigants." *Id.* (quoting *Off. of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 428 (1990)). Accordingly, it is "the 'duty of all courts to observe the conditions defined by Congress for charging the public treasury.'" *Id.* (quoting *Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 385 (1947)).

Submission of a SFIP claim for flood loss requires that the claimant file a sworn proof of loss with the necessary documentation within 60 days of the loss. (Doc. 36-2 at 21); 44 C.F.R. pt. 61, app. A(2), art. VII(G)(4). It is undisputed that Plaintiffs' initial Proof of Loss, dated October 9 and seeking $89,632.23, was timely

6

because it was filed within 60 days from the August 30, 2023, date of loss and otherwise complied with the SFIP requirements.  Rather, at issue is whether the October 19 damages estimation submitted by Bulldog on behalf of Plaintiffs for $247,144.14 and the untimely-filed amended Proof of Loss seeking $248,727.00 should be construed as part of the October 9 Proof of Loss.

Defendants argue that Plaintiffs' failure to submit the October 19 estimate with a signed and sworn proof of loss is fatal to their claim, as is the untimely-filed amended Proof of Loss.  (Doc. 36).  To be sure, "[n]o exception allows the insured to submit an amended or supplemental proof of loss after the 60 days, even if the insured later discovers that the flood damage it sustained exceeds the amount stated in the original proof of loss."  *Ambassador Beach Condo. Ass'n, Inc. v. Omaha Prop. & Cas. Ins. Co.*, 152 F. Supp. 2d 1315, 1316 (N.D. Fla. 2001) (granting summary judgment in favor of the insurer in part because the "additional payments sought by [claimant] are not authorized under the provisions of the standard flood insurance policy because they were not included in a timely proof of loss"); *see Nab aka v. Old Dominion Ins. Co.*, No. 19-CV-20191, 2021 WL 930293, at \*2 (S.D. Fla. Mar. 11, 2021) (granting summary judgment in favor of the insurer where "[i]t is undisputed that [p]laintiffs did not submit a signed and sworn proof of loss for their . . . supplemental claim").

Further, Defendant's denial letter specified that correction or addition to a prior proof of loss required submission of "an amended proof of loss" signed and sworn by the claimant along with supporting documentation, and Plaintiffs' SFIP

7

provides that "[i]f [the insurer] rejects your proof of loss in whole or in part you may

. . . [f]ile an amended proof of loss as long as it is filed within 60 days of the date of

the loss." (Doc. 36-7; Doc. 36-2 at 23).

Plaintiffs argue that because the October 19 estimation was submitted within

the 60-day claim period and sought payment for previously disclosed damages, it

constitutes part of the Proof of Loss and, because the untimely-filed amended Proof

of Loss also sought payment for damages already in dispute, it must also be

considered. (Doc. 37 at 14–15) (citing *Slater v. Hartford Ins. Co. of Midwest*, 26 F.

Supp. 3d 1239, 1252 (M.D. Fla. 2014) ("[A] supplemental proof of loss that is

submitted out of time, may be considered along with a timely proof of loss, if the

supplemental submission makes a claim that is identical to that submitted in the

timely proof of loss.")).

In *Slater*, the Court considered whether the claimant's amended proof of loss,

filed one day after the initial proof of loss and one day beyond the 60-day deadline,

could be construed as part of the initial proof of loss. *Slater*, 26 F. Supp. 3d at 1245,

1251–53. In finding that the untimely proof of loss could be considered with the

timely proof of loss, the Court noted that "both refer[red] to more than $125,000 in

property damages." *Id.* at 1253. Indeed, the initial proof of loss referred to an

amount totaling $125,848.72, though the net amount claimed was $13,992.72 in

damages, and the amended proof of loss sought was $125,293.38. *Id.* at 1245. The

same is not true here, as Plaintiffs' initial Proof of Loss makes no reference to an

amount approaching $247,144.14. (Doc. 37-4). Indeed, the damages amount

exceeds two-and-a-half times the amount submitted in their timely Proof of Loss.

Moreover, the *Slater* court found support for its finding by relying exclusively on *Stogner v. Allstate Ins. Co.*, No. CIVA 09-3037, 2010 WL 148291, at \*4 (E.D. La. Jan. 11, 2010) and *Young v. Imperial Fire & Cas. Ins. Co.*, No. CIV.A. 13-5246, 2014 WL 1456408, at \*3 (E.D. La. Apr. 15, 2014).  Both cases are distinguishable from the present action.  In *Stogner*, the court found that "it is clear that ***supplementary proofs of loss are required when a claimant requests more in the supplementary claim than in the original claim***.  However, if the same amount is claimed, and only the decision is disputed, additional proofs of loss may not be necessary."  *Stogner*, 2010 WL 148291, at \*4 (emphasis added).

Here, the amount claimed in the initial Proof of Loss was $89,632.23.  (Doc. 37-4).  The October 19 estimate totaled $247,144.14 in damages.  (Doc. 37-6).  And the untimely-filed amended Proof of Loss claims $248,727.00 in damages.  (Doc. 36-8).  Plaintiffs do not dispute that the amounts claimed in the estimate and amended Proof of Loss far exceed the amount claimed in the *initial* Proof of Loss.  Accordingly, *Stogner* is inapposite.

In *Young*, the claimants sent the insurer a timely proof of loss for $175,100, which was the policy limit less the deductible, but estimated the damage at $260,635.83.  *Young*, 2014 WL 1456408, at \*1.  The actual cash value, full cost of replacement or repair, and depreciation were listed as "undetermined."  *Id.*  After the 60-day time period, the claimants submitted two subsequent proofs of loss.  The second proof of loss, like the first, sought the policy limit of $175,100, estimated the

damage at $260,635.83, and listed the actual cash value and depreciation as undetermined.  *Id.*  This proof of loss was signed, and the attached documentation included a damage estimate report.  *Id.*  After the insurer issued the claimants $60,322.90 in damages, they submitted a third proof of loss containing the same amounts as the previous proofs of loss.  *Id.* at *2.  The insurer rejected the claimants' initial proof of loss for failure to include supporting documentation.  *Id.*  Upon review, the court found that the proof of loss forms, taken together with the estimate report, "clearly state that [the claimants'] cost of repair is the amount estimates by [the] detailed report, $260,235.83, and that [claimants] claim their policy limit . . . minus the deductible, which is $175,100."  *Id.* at *4.

Unlike *Young*, Plaintiffs' Proof of Loss here made a net claim for $89,632.23, and the estimate reported damages of $247,144.14.  (Doc. 37-4; Doc. 37-6).  This report conflicts with the Proof of Loss and, thus, does not present a clear proof of loss when taken together.  Indeed, the same court later distinguished *Young* and granted summary judgment in favor of the insurer where the claimant's "later estimate claims an amount of damage far in excess of this executed proof of loss." *Hollins v. Fid. Nat. Ins. Co.*, No. 13-CV-05649, 2015 WL 3796491, at *3 (E.D. La. June 18, 2015).

Binding precedent requires this Court to ensure that Plaintiffs strictly adhere to the terms of the SFIP, as approved claims are paid directly from federal funds.  *See Sanz*, 328 F.3d at 1318 ("[T]he insured must adhere strictly to the requirements of the [SFIP]").  The SFIP required Plaintiffs to file an amended proof

of loss should they receive a partial denial and required any amended proof of loss to be filed within 60 days from the date of loss.  (Doc. 36-2); 44 C.F.R. pt. 61, app. A(1) art. VII J(2).  Plaintiffs did not strictly adhere to these terms.  Instead, they submitted a new estimate of damages substantially exceeding the damages sought in the initial Proof of Loss without supporting documentation and, critically, did not send an amended proof of loss until more than four months after the 60-day deadline.  (Doc. 37-6; Doc. 36-8).

## CONCLUSION

The Court recognizes the impact of its decision on the Plaintiffs and took great care in reviewing their lawsuit.  The law for which this Court is bound to faithfully and impartially apply requires this unenviable result.  Defendant's Motion for Summary Judgment (Doc. 36) is **GRANTED**.  The Clerk is instructed to terminate any pending motions and close this case.

**ORDERED** in Tampa, Florida, on June 17, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

11